UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Jason E. Basnett

  v.

SRS Distribution, Inc.

Civil No. 20-cv-1197-LM
Opinion No. 2021 DNH 176 P

## O R D E R

Jason Basnett brings a claim of wrongful discharge against his former employer, SRS Distribution, Inc.  SRS moves to dismiss Basnett's suit on the ground that it fails to state a claim upon which relief can be granted.  Specifically, SRS argues that a settlement agreement between it and Basnett bars the claim. Basnett objects, contending that the settlement agreement does not encompass his wrongful discharge claim.  For the reasons that follow, the court converts SRS's motion to dismiss (doc. no. 5) into a motion for summary judgment and denies it.

## BACKGROUND

I.    Basnett's Allegations

The following facts are taken from Basnett's Amended Complaint, doc. no. 3. Basnett was a truck driver for SRS.  In January 2019, Basnett was injured "in connection with lifting a heavy door." Doc. no. 3 ¶ 7.  A physician diagnosed Basnett with "work-related thoracic radiculitis." Id.  Basnett received workers' compensation payments and, for a time, temporary total disability benefits.

By April 2019, Basnett's symptoms had improved, although he still suffered from back pain.  Basnett's physician cleared him to return to work with a restriction

on lifting more than 50 pounds, and Basnett attempted to return to work with modified duties.

When Basnett resumed work-related activities on April 15, however, his back pain worsened.  Basnett consulted with his physician, who concluded that prolonged sitting and vibrations while driving exacerbated Basnett's symptoms.  On April 18, Basnett's physician restricted him from working.

In September 2019, Basnett again determined to resume working, and, effective September 23, his physician cleared him to return.  Basnett, however, never returned to work because, on September 23, SRS fired him.  At the time, SRS told Basnett that it had terminated his employment because he had exhausted his leave under the Family and Medical Leave Act and because he had been replaced in April 2019.

Basnett alleges that SRS's termination of his employment came in retaliation for exercising his right to disability benefits pursuant to RSA 281-A:28 and for honoring the restrictions set by his treating physician imposed as part of his workers' compensation.  In his Amended Complaint, Basnett raises one claim for wrongful discharge under New Hampshire common law.

II.     Settlement with SRS

In its motion to dismiss, SRS argues that Basnett sought reemployment with SRS about eight months after his termination.  SRS contends that in June 2020, Basnett and SRS agreed to a lump-sum settlement, which released SRS from any

claims by Basnett.  In support of its motion, SRS attached the declaration of Jamie

Rubeck, a settlement agreement, a "questionnaire" related to the settlement

agreement, and a spreadsheet.  The settlement agreement is a one-page form

agreement.  As to its scope, it states only that it is "a complete settlement of all

claims and potential claims; known or unknown under RSA 281-A with the sole

exception of the medical provision."  Doc. no. 5-2 at 5.

## DISCUSSION

SRS contends that, by voluntarily entering into the settlement agreement,

Basnett has released his wrongful discharge claim.  Basnett objects, arguing that

the settlement agreement does not cover his claim for wrongful discharge under

New Hampshire common law.  Rather, Basnett contends, the settlement agreement

covers only Basnett's rights under RSA 281-A, which relates to workers'

compensation claims.

I.      Conversion to Motion for Summary Judgment

As an initial matter, SRS's motion to dismiss raising the affirmative defense

of release relies on matters outside the pleadings, namely, the declaration of Jamie

Rubeck, the settlement agreement, and a spreadsheet that apparently memorializes

certain payments made to Basnett.  When evaluating a motion to dismiss under

Rule 12(b)(6), however, the court may not consider evidence outside the pleadings.

Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) ("Ordinarily, of course, any

consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden, unless the proceeding is properly converted into one for summary judgment under Rule 56."). There are some "narrow exceptions" to that rule, but they are not applicable here. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71-72 (1st Cir. 2014).

If, when considering a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Accordingly, the court has two options: exclude the materials appended to SRS's motion or convert SRS's motion to a motion for summary judgment.

The court takes the latter approach. Moreover, in the circumstances presented by this case, the court need not provide further notice to the parties before ruling on the motion. SRS has "implicitly invited" the court to treat its motion to dismiss as a motion for summary judgment, so the court need not provide formal notice of conversion to SRS. See Collier v. City of Chicopee, 158 F.3d 601, 602-03 (1st Cir. 1998) ("By incorporating affidavits into his opposition to the City's motion, Collier implicitly invited conversion—and a party who invites conversion scarcely can be heard to complain when the trial court accepts the invitation."); Rubert-Torres v. Hospital San Pablo, Inc., 205 F.3d 472, 476 (1st Cir. 2000). And the court, as discussed below, rules in Basnett's favor on this matter, so he faces no prejudice by the lack of formal notice.

II.     Release of Wrongful Discharge Claim

SRS argues that the settlement agreement bars Basnett's wrongful discharge claim.  Basnett contends that the settlement agreement, by its text, does not cover his common law wrongful discharge claim.

Because the court has converted SRS's motion to dismiss into a motion for summary judgment, the court applies the standard of review applicable to a motion for summary judgment.  That is, summary judgment is proper only if the moving party can demonstrate "that there is no evidence in the record to support a judgment for the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 318, 332 (1986); see also Fed. R. Civ. P. 56(a).  Moreover, in evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party, draws all reasonable inferences in that party's favor, and neither makes credibility determinations nor weighs the evidence.  Harris v. Scarcelli, 835 F.3d 24, 29 (1st Cir. 2016); Hicks v. Johnson, 755 F.3d 738, 743 (1st Cir. 2014).

To invoke the defense of release by a settlement agreement, the moving party "must establish that the release (1) applied to the defendant, (2) encompassed the claims asserted in the present lawsuit, and (3) was legally enforceable." Bourne v. Town of Madison, 494 F. Supp. 2d 80, 96 (D.N.H. 2007) (quoting Nottingham Partners v. Trans-Lux Corp., 925 F.2d 29, 32 (1st Cir. 1991)) (internal modifications omitted); see also Planet Fitness Int'l Franchise v. JEG-United, LLC, 2021 WL 4291083, at *3 (D.N.H. Sept. 21, 2021) (detailing how courts evaluate whether

contractual releases bar claims).  The party asserting the defense of release bears the burden to show that the release discharges its liability.  See Moore v. Grau, 171 N.H. 190, 194 (2018).

The settlement agreement does not encompass Basnett's common law wrongful discharge claim.  The settlement agreement encompasses "all claims and potential claims; known or unknown under RSA 281-A with the sole exception of the medical provision."  Doc. 5-2 at 5.  There is nothing ambiguous about the agreement's language.  It encompasses claims and potential claims under RSA 281-A, which is New Hampshire's workers' compensation statute.   The settlement agreement says nothing about encompassing claims under common law.  And, here, Basnett's claim for wrongful discharge is brought under New Hampshire common law, not RSA 281-A.

To be sure, Basnett's claim is predicated in part on his exercise of rights under RSA 281-A.  But the settlement agreement covers claims or potential claims "under" RSA 281-A, not claims under common law that have a factual relationship to RSA 281-A.  Indeed, RSA 281-A:8, III, makes clear that an employee's rights "under" RSA 281-A are separate from his rights "under" common law: "Nothing in this chapter shall derogate any rights a former employee may have under common law or other statutes to recover damages for wrongful termination of, or constructive discharge from, employment."  SRS's claim that the settlement agreement bars Basnett's wrongful discharge claim is without merit.

7

## CONCLUSION

In sum, SRS's motion (doc. no. 5) is converted to a motion for summary judgment and denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 15, 2021

cc:    Counsel of Record